## WESTPORT BANK & TRUST CO.
*vs.*
## ADMINISTRATOR OF UNEMPLOYMENT COMPENSATION DIVISION

Superior Court      Fairfield County      File No. 63503

MEMORANDUM FILED DECEMBER 27, 1941.

*Harry R. Sherwood,* of Westport, for the Plaintiff.

*Harry Silverstone,* Assistant Attorney General, for the Defendant.

INGLIS, J. This is an appeal from the assessment of unemployment compensation contributions made against the plaintiff on account of compensation paid by it to various independent contractors in the years 1939 and 1940. Three of these contractors, i.e. Maddock Bros., Chalefant and Durner had been hired by the plaintiff acting simply as agent for one Harold Baker and the other contractors had all been hired by the plaintiff to make repairs and alterations to certain real estate owned by the plaintiff, title to which had been acquired by foreclosure.

The claim of the Administrator is based on section 1335e of the 1939 Supplement to the General Statutes, which reads as follows: "If an employer shall contract with or shall have under him any contractor or sub-contractor for any work

which is part of said employer's usual trade, occupation, profession or business, and which is performed in, on or about premises under such employer's control, and if such contractor or sub-contractor shall not be subject to this chapter, such employer shall, for all the purposes of this chapter, be deemed to employ each individual in the employ of such contractor or sub-contractor...."

It was agreed on the trial that the assessments on account of the payments made to Maddock Bros., Chalefant, and Durner were improper. It appears from the undisputed evidence that the payments to all of the other contractors except Kowalsky Brothers were for work done by those contractors personally and that they had no employees of theirs on the jobs. Clearly, therefore, for that reason, if for no other, the amounts paid to them are not assessable under the statute upon which the Administrator relies.

The amounts paid to Kowalsky Brothers were for labor and materials furnished in the construction of a road, in property owned by the bank, for the purpose of developing that property so that building lots might be sold therefrom. The statute in question applies only when the work done was "part of said employer's *usual* trade, occupation, profession or business." *Fox & Co., Inc. vs. Danaher,* 9 Conn. Sup. 429. The usual trade and business of the plaintiff was that of banker. It is found that the construction of a road under all of the circumstances involved in this case was not a part of the plaintiff's usual trade, occupation, profession or business.

Judgment may enter for the plaintiff setting aside the assessment. No costs are to be taxed.